UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

David C. Sharp
19301 Watkins Mill Road
Montgomery Village, MD 20886

    Plaintiff,

vs.                                         CASE NO.

OUTBACK OF GERMANTOWN, INC.
12609 Wisteria Drive
Germantown, Maryland 20674

    Defendant

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Jurisdiction and Venue

1. This is an action for declaratory and injunctive relief, under the Americans With Disabilities Act of 1990, 42 U.S.C. §12101 et. seq. (the "ADA"), which prohibits discrimination against persons with disabilities with regard to their full enjoyment of and access to places of public accommodations.

2. The Court has jurisdiction to entertain this action under 28 U.S.C. §§1331 and 1343, as a case arising under a federal civil rights law.

3. Venue is proper under 28 U.S.C. § 1391(b) and applicable Local Rules, in that all material events occurred within the Court's assigned geographical area.

### Parties

4. Plaintiff, David Sharp ("Sharp"), is an adult resident of Maryland, and an individual with a disability substantially limiting a major life activity, covered by the ADA, in that he has a spinal cord injury, is a stroke survivor and uses a wheelchair for mobility.

1

5. Defendant, Outback of Germantown, Inc. ("Outback"), is a Maryland corporation, authorized to do business in the state of Maryland and the owner and/or operator of a restaurant known as Outback Steakhouse, located at 12609 Wisteria Lane, Germantown, Maryland ("Restaurant").

### The Restaurant is a Public Accommodation

6. The Restaurant is a place of public accommodation under Title III of the ADA, as defined by 42 U.S.C. §12181(7)(B).

### ADA Prohibition of Discrimination by Public Accommodations

7. Title III of the ADA, specifically 42 U.S.C. §§12182, prohibits discrimination against any individual on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person or business entity that owns, leases (or leases to) or operates a place of public accommodation, including a failure to make appropriate modifications in policies, practices or procedures, and/or to remove architectural barriers that are structural in nature, in existing facilities, where such removal is readily achievable.

### Architectural Barriers to Access

8. There are architectural barriers at the Restaurant, which include but are not limited to the following:

   a) There is no standard accessible toilet stall provided in the men's toilet room;

   b) The entry door to the men's toilet room requires in excess of 5 pounds of force to operate.

9. By failing to remove existing architectural barriers, Outback has discriminated against persons with disabilities, specifically those with mobility impairments, by

2

denying them full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered at the Restaurant, in violation of Title III of the ADA, specifically 42 U.S.C. §12182 (a).

### Failure to Remove Barriers and/or Modify Policies: Unlawful Discrimination

10. Outback has failed to remove the above mentioned architectural barriers at its Restaurant and make reasonable modifications in its policies, practices and procedures to afford full and equal access and enjoyment of the Restaurant by persons with disabilities covered by Title III of the ADA, in violation §42 U.S.C. 12182(b)(2)(A).

### Standing: Sharp's Visit and Intention to Return to the Restaurant

11. Sharp has visited the Restaurant and has eaten there, but was injured because his full and equal enjoyment of the Restaurant was denied and curtailed by the presence of the architectural barriers set forth above.

12. Sharp intends and desires to visit the Restaurant again.

WHEREFORE, Sharp demands judgment against Outback, and requests:

    A. That the Court declare that the place of public accommodation at issue in this case, to wit, Outback Steakhouse, owned, leased and/or operated by Outback, is not readily accessible to Sharp in violation of the ADA;

    B. That the Court enter an order directing Outback to alter and renovate the place of public accommodation at issue in this case, to wit, Outback Steakhouse, to make it readily accessible to and usable by individuals with disabilities to the full extent required by the ADA;

    C. That the Court enter an order directing Outback to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow them to undertake and complete the alterations and renovations at the place of public accommodation at issue in this case, to wit, Outback Steakhouse;

  D.  That the Court award reasonable attorneys' fees, litigation costs (including expert fees) and other expenses of suit, to Sharp; and

  E.  That the Court award such other and further relief as it deems necessary, just and proper.

              Respectfully submitted,

              /s/ Joel R. Zuckerman
              Joel Zuckerman
              Federal Bar No. 12730
              Maxwell & Barke LLC
              51 Monroe Street, Suite 806
              Rockville, MD 20850
              Telephone: (301) 309-8300
              Facsimile:  (301) 309-8303
              *Attorneys for the plaintiff*